Abdullah BYANOONI, Plaintiff–Appellant,

v.

CITY OF LOS ANGELES, a municipal corporation, Defendant–Appellee,

Ernest Berry, individually and as a police officer of the City of Los Angeles Police Department acting under color of law in some capacity Substituted for Doe 3, Defendant–Appellee,

Jason Burcham, individually and as a police officer of the City of Los Angeles Police Department acting under color of law in some capacity Substituted for Doe 1, Defendant–Appellee,

Ramon Martinez, individually and as a police officer of the City of Los Angeles Police Department acting under color of law in some capacity Substituted for Doe 7, Defendant–Appellee,

Ricardo Rivera, individually and as a police officer of the City of Los Angeles Police Department acting under color of law in some capacity Substituted for Doe 2, Defendant–Appellee,

and

Leanna Rosenkild, individually and a police officer of the City of Los Angeles Police Department acting under color of law in some capacity; et al., Defendants,

Lynn Botello, individually and as a police officer of the City of Los Angeles Police Department acting under color of law in some capacity Substituted for Doe 4, Defendant,

Marcella Fathauer, individually and as a police officer of the City of Los Angeles Police Department acting under color of law in some capacity Substituted for Doe 5; et al., Defendants,

Walter McMahon, individually and as a police officer of the City of Los Angeles Police Department acting under color of law in some capacity Substituted for Doe 8, Defendant.

No. 06–55255.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 3, 2009.

Filed Feb. 13, 2009.

Before: SILVERMAN and CALLAHAN, Circuit Judges, and MILLS,\* District Judge.

### MEMORANDUM \*\*

Abdullah Byanooni appeals the judgment entered after a jury verdict in favor of the defendants in his 42 U.S.C. § 1983 action asserting a substantive due process state created danger claim. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

We decline to consider Byanooni's claim that the district erred by holding that the officers were immune from the state claims pursuant to Cal. Gov't Code § 821.6. He waived the false imprisonment argument by raising it for the first time on appeal. *WildWest Inst. v. Bull,* 547 F.3d 1162, 1172 (9th Cir.2008).

■ Byanooni argues that the district court abused its discretion by excluding his expert testimony that a non-defendant officer negligently investigated the shooting. We review for abuse of discretion and prejudice. *Engquist v. Or. Dept. of Agric.,* 478 F.3d 985, 1008–09 (9th Cir.2007), *aff'd,* —— U.S. ——, 128 S.Ct. 2146, 170

L.Ed.2d 975 (2008). In light of the minimal relevance of the evidence and danger of unfair prejudice to the officers, the district court did not abuse its discretion by excluding the evidence.

■ Finally, Byanooni asserts that the deliberate indifference jury instruction misstated the law or misled the jury by providing that "[a] defendant cannot be held liable if he was merely negligent, that is, if he failed to use reasonable care to prevent harm to plaintiff." However, this instruction is an accurate, clear statement of the law. *Penilla v. City of Huntington Park,* 115 F.3d 707, 710 (9th Cir.1997); *Wood v. Ostrander,* 879 F.2d 583, 587–88 (9th Cir.1989); *L.W. v. Grubbs,* 92 F.3d 894, 898–99 (9th Cir.1996).

AFFIRMED.

---

\* The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.